Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

Amin **CHAKMA**, Petitioner,

v.

**Michael B. MUKASEY**, United States Attorney General,[1] Respondent.

No. 07–1895–ag.

United States Court of Appeals, Second Circuit.

Feb. 14, 2008.

Jeffrey E. Baron, Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner,

Jeffrey S. Bucholtz, Acting Asst. Atty. General; Michelle Gorden Latour, Asst. Director; R. Alexander Goring, Trial Atty., Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Amin Chakma, a native and citizen of Bangladesh, seeks review of an April 5,

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

2007 order of the BIA affirming the August 30, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amin Chakma*, No. A79 318 735 (B.I.A. Apr. 5, 2007), *aff'g* No. A79 318 735 (Immig. Ct. N.Y. City Aug. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA both supplements and modifies and IJ's decision, this Court reviews the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (*en banc*). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). The Court reviews de *novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

We have held that punishment imposed by "a legitimate and internationally recognized government taking action to defend itself from an armed rebellion" is not persecution. *See Vumi v. Gonzales*, 502 F.3d 150, 156–57 (2d Cir.2007) (citing *Matter of Izatula*, 20 I. & N. Dec. 149 (BIA 1990)). However, we have also noted that in making such a finding, the agency must consider "whether [the] existing political situation in petitioner's country was different from that of countries where citizens have an opportunity to seek change in the political structure of the government via peaceful processes." *Id.* at 156 (citation omitted).

Here, the BIA found that, because Chakma "decided to actively participate in an armed rebellion rather than to operate within the constraints of the law and the political system ... the Bangladesh government would be within its full rights to investigate and prosecute him for such action." In support of this finding, the BIA relied on a 2004 U.S. State Department Report on Bangladesh, which indicated that "[t]he Constitution provides citizens with the right to change their government peacefully." However, we cannot find that the language in this 2004 report is evidence of conditions relevant to the Chittagong Hill Tracts region ("CHT") in 1985, when Chakma joined the Shanti Bahini. Further, even assuming that the agency properly relied on the 2004 Report, it failed to consider the effects of the general amnesty that had been extended to all former members of the Shanti Bahini as part of the 1997 Peace Accords, in finding that "any punishment the Bangladesh government might impose" on Chakma would constitute prosecution.[2]

Supplementing the IJ's decision, the BIA also found that the 1997 Chittagong Hill Tracts ("CHT") Peace Accords constituted a fundamental change in circumstances in Bangladesh, such that, even if Chakma was found to have suffered past persecution, he would not benefit from a

---

2. We note that evidence of the amnesty was contained in the record.

presumption of a well-founded fear of future persecution. The BIA made this finding by "tak[ing] administrative notice of the 1999 to 2002 Department of State Country Reports, all of which provide that the 1997[CHT] Peace Accord ended 25 years of insurgency in the CHT."

However, the BIA failed to consider record evidence that, despite the 1997 CHT Peace Accords, circumstances had not changed. For example, the 2004 State Department Report stated that "violence continued in the CHT," and an Amnesty International report in the record indicated that: "More than six years after the signing of the Chittagong Hill Tracts Peace Accord, the tribal inhabitants of the area continue to live in fear of attacks from Bengali settlers often carried out with the apparent connivance of army personnel." Because the BIA failed to consider record evidence that contradicted the finding that conditions had fundamentally changed, we find it necessary to remand this case so that the agency can perform the correct analysis in the first instance. *Niang v. Mukasey,* 511 F.3d 138, 149–50 (2d Cir.2007); *Tambadou v. Gonzales,* 446 F.3d 298, 303–04 (2d Cir.2006); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006)(holding the IJ should "consider all the evidence in the record that has probative value").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision VACATED, and the case REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).